STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

VINCENT J. MESOLELLA
Plaintiff,

vs.

PC No. 06 - 3738

RAYMOND BOURQUE

Defendant.

ACCEPTANCE OF SERVICE ON BEHALF OF
DEFENDANT RAYMOND BOURQUE

I hereby accept service on behalf of the Defendant, Raymond Bourque in the above referred to matter.

Richard W. MacAdams, Esq.
101 Dyer Street, Suite 400
Providence, RI 02903
Telephone: 401-454-8700
Dated: July 18, 2006

C:\WP\Litigate\Files\Mesolella vs Bourque - Acceptance of Service.doc

# STATE OF RHODE ISLAND
## SUPERIOR COURT
## CIVIL CASE COVER SHEET

CASE #

THIS FORM MUST BE FILED WITH EACH ORIGINAL DOCUMENT THAT COMENCES A CIVIL PROCEEDING IN THE CLERK'S OFFICE. IF THE CASE IS A DISTRICT COURT APPEAL, THIS FORM MUST BE FILED WITH THE APPEAL IN THE DISTRICT COURT AND WILL BE TRANSFERRED WITH OTHER DOCUMENTS TO THE SUPERIOR COURT.

| | |
|---|---|
| Vincent J. Mesolella | Raymond Bourque |
| LAINTIFF ID# | DEFENDANT ID# |

NATURE OF PROCEEDING - CHECK **ONE** APPLICABLE CASE TYPE UNDER MAIN CATEGORIES LISTED BELOW.

**VIL ACTION**

| | | |
|---|---|---|
| ) **AA** AGENCY APPEAL | ( ) **EX** EXCESSIVE TAX | ( ) **PR** PARTITION |
| ) **AB** ASSAULT & BATTERY | ( ) **FF** FORFEITURE | ( ) **RC** REINSTATE CHARTER |
| ) **AE** ASBESTOS CASES | ( ) **FG** FOREIGN JUDGMENT | ( ) **PT** PROMISSARY NOTE |
| ) **AI** ANTI-TRUST | ( ) **FS** FRIENDLY SUIT | ( ) **RY** REAL PROPERTY |
| ) **BA** BOOK ACCOUNT | ( ) **ID** PER INJURY/PROP DAM/VEH | ( ) **SA** SEXUAL ABUSE |
| ) **BP** BILL OF RIGHTS-POLICE OFF | ( ) **IJ** INJUNCTIVE RELIEF | ( ) **SF** SPECIFIC PERFORMANCE |
| ) **CH** CIVIL RIGHTS/JOB DISCRIM | ( ) **IP** INTERPLEADER | ( ) **SX** SEXUAL HARASSMENT |
| ) **CI** CRIMINAL INJURY COMP | ( ) **LC** LEAD CASE | ( ) **TD** CONTRACT DAMAGES |
| ) **CL** COMMON LAW ASSIGNMENT | ( ) **LS** LIBEL/SLANDER | ( ) **TE** TRESSPASS & EJECTMENT |
| ) **CM** COMMON LAW LIEN | ( ) **ME** MALPRACTICE/LEGAL | ( ) **TO** TITLE CLEARING |
| ) **CS** CONVERSION | ( ) **MM** MALPRACTICE/MEDICAL | ( ) **TV** TRUSTEE/APPT CONVEY TITLE |
| ) **CV** CRIMINAL CONVERSION | ( ) **MO** MALPRACTICE/OTHER | ( ) **TG** TRUSTEE/ACCOUNTING |
| ) **CH** CIVIL RIGHTS/JOB DISCRIMIN | ( ) **OV** OTHER CIVIL ACTION | ( ) **UM** UNINSURED MOTORIST |
| ) **DJ** DECLARATORY JUDGMENT | ( ) **PB** PROPERTY DAMAGES | ( ) **WM** WRIT OF MANDAMUS |
| ) **DG** RECOVERY OF DAMAGES | ( ) **PG** PROPERTY DAMAGES/VEH | ( ) **WR** WRIT OF REPLEVIN |
| ) **DB** DEBT ON JUDGMENT | ( ) **PI** PERSONAL INJURY | ( ) **WD** WRONGFUL DEATH |
| ) **DD** DECEPTIVE TRADE PRACTICE | ( ) **PJ** PERSONAL INJURY/VEHICLE | |
| ) **DN** DENIAL OF PROBATE CLAIM | ( ) **PL** PRODUCT LIABILITY | |

**SCELLANEOUS PETITION**

| | | |
|---|---|---|
| **AC** ARBITRATION/CONFIRM | ( ) **GJ** GRAND JURY INVESTIGATION | ( ) **PX** PETITION TO EXPUNGE |
| **AD** ARBITRATION AWARD | ( ) **HC** HABEAS CORPUS | ( ) **PY** PETITION INVENT (WIRE TAP) |
| **AS** ASSESSMENT OF DAMAGES | ( ) **LN** LEVEL COMMUN NOTIFICATION | ( ) **RB** ARBITRATION REFERRAL |
| **CE** CONDEMNATION | ( ) **ML** MECHANICS LIEN | ( ) **RP** RULE 5A PETITION |
| **CN** CONFIRM COMPROMISE | ( ) **MW** MATERIAL WITNESS | ( ) **RV** RECEIVERSHIP |
| **CP** CONTEMPT | ( ) **OM** OTHER MISC PETITION | ( ) **SO** SEXUAL VIOLENT PREDATOR |
| **DI** DISCLAIMER | ( ) **OW** OUT OF STATE WITNESS | ( ) **TA** APPOINTMENT OF TRUSTEE |
| **DS** DISSOLUTION OF CORP | ( ) **PC** POST CONVICTION RELIEF | ( ) **TC** TITLE CLEARING (TAX TITLE) |
| **DT** DECLINATION OF TRUSTEE | ( ) **PD** PETITION TO TAKE DEPO | ( ) **TL** FORECLOSURE/TAX LIEN |
| **EN** END PARTNERSHIP | ( ) **PM** PETITION FOR IMMUNITY | ( ) **TS** TRUSTEE SUCCESSOR |
| **FC** FORFEITURE OF CHARTER | ( ) **PO** PETITION FOR CONSTABLE | ( ) **VC** VACATE ARBITRATION |
| **FL** FORECLOSURE RIGHTS REDEM | ( ) **PS** PERFORM SURGERY | |

**OBATE APPEAL**

| | | |
|---|---|---|
| **GD** GUARDIANSHIP | ( ) **OA** OTHER PROBATE APPEAL | ( ) **WL** WILL |
| **NC** NAME CHANGE | ( ) **TU** TRUST | |

**STRICT COURT APPEAL**

DISTRICT COURT APPEAL

RIAL (✓) YES ( ) NO IF YES: (✓) JURY ( ) NON-JURY

TORNEY NAME & REGISTRATION#
RO SE/NAME: Anthony J. Bucci Jr #2599 DATE: ~~TODAY~~ 7-14-06

23 (REV05-05)

STATE OF RHODE ISLAND
PROVIDENCE. SC

SUPERIOR COURT

VINCENT J. MESOLELLA
Plaintiff,

vs.

RAYMOND BOURQUE

Defendant.

PC No. 06 - 3738

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE

# COMPLAINT

## I. PARTIES

1. Plaintiff Vincent J. Mesolella, ("plaintiff" or "Mesolella") is a resident of the State of Rhode Island, residing in North Providence, Rhode Island.

2. Upon information and belief, defendant Raymond Bourque ("defendant" or "Bourque") now or formerly own(s)(ed) the realty off Little Pond County Road, Cumberland, R.I. nor or formerly identified as Assessor's Plat 27, Lots 14 and 200 (the "Property").

## II. VENUE

3. Venue is proper in the Honorable Court pursuant to R.I. Gen. Laws § 9-4-2.

## III. JURISDICTION

4. The Court has subject matter jurisdiction over this civil action pursuant to R.I. Gen. Laws §§ 8-2-13, 8-2-14 and 9-4-3.

## IV. FACTS

### A. Background Facts

5. On or about January 17, 2003 defendant entered into an option agreement to purchase the Property from Muriel Jannel (sometimes referred to herein as the "Seller") for a purchase price of $600,000.

6. In and around the first week in September 2004, Mesolella, Eric Ahborg ("Ahborg") and Bourque reached an agreement to work together to develop the Property to be known as "Great Wood Estates" (the "Project").

7. In return for Mesolella's services in furtherance of the development of the Property Bourque promised Mesolella that he would receive a twenty-five (25%) interest in the Property at the time of the closing on the Property.

8. On September 7, 2004 Ahborg forwarded Bourque a memorandum outlining the general terms of the aforesaid agreement, a copy of which is attached hereto and incorporated by reference herein as Exhibit A (the "Memorandum").

9. At the time Bourque did not voice any objection to the Memorandum.

10. Thereafter, Mesolella and Ahborg began acting in furtherance of the agreement and the development of the Property.

11. Proposed roads in the Project were named after Bourque ("Bourque Road"), Mesolella ("Vinceny Way") and Ahborg ("Eric Court").

12. Mesolella met with and otherwise conferred with lawyers in the furtherance of the Project.

13. Mesolella met with and otherwise conferred with engineers in furtherance of the Project.

14. Mesolella met with and conferred with employees of the Rhode Island Department of Environmental Management in furtherance of the Project.

15. Mesolella met with and conferred with companies regarding infrastructure improvements necessary for the Project and obtained estimates of the costs to construct said improvements.

16. Mesolella met with and otherwise conferred with John Shekarchi, the owner and developer of land abutting the Property regarding sewer easements over Shekarchi's land, the sharing of costs for a water line and the possible purchase of land for a retention pond.

17. Mesolella had ongoing discussions with the Project engineer regarding what was necessary to get the application for a major subdivision ready for filing.

18. As part of the development of the Property an Application for Major Subdivision – Preliminary Stage application was submitted to the Town of Cumberland (the "Town") on or about June 2, 2005 and Mesolella delivered the application to the Project engineer together with the application fee of $2,300 which was paid soley by Mesolella.

19. Mesolella, being a partner/joint venturer in the Project did not seek, nor did he receive reimbursement for the aforesaid application fee.

20. At all times hereinbefore enumerated, Mesolella was acting in furtherance of the agreement and understanding with Bourque that he would receive a 25% interest in the Property/Project in return for his expertise and services.

**B. Operative Facts**

21. As explained above, on or about the first week in September 2004, the plaintiff and defendant entered into an agreement, wherein the defendant Bourque agreed to develop the

Property/Project with Mesolella in return for Mesolella receiving twenty-five (25%) percent of the Property/Project.

22. The agreement is a valid, binding and enforceable contract.

23. The agreement provided that when the Property was purchased Mesolella would receive his interest at that time.

24. In reasonable reliance upon the conduct and representations of Bourque, Mesolella devoted substantial time to activities related to the development of the Property and, as a consequence, thereby lost income.

25. Plaintiff reasonably relied upon the conduct and representations of the defendant that he would honor his contractual obligations pursuant to the agreement and convey a 25% interest in the Property to Mesolella.

26. Mesolella asked Bourque to tell his engineer and attorney that he (Mesolella) was involved in the Project and that they were free to communicate with him. Thereafter, Mesolella began communicating with the Project engineer and attorney in furtherance of the development of the Property/Project.

27. Mesolella performed all conditions precedent, if any, under the agreement.

28. The closing for the purchase of the Property was scheduled for June 30, 2005 (the "Closing Date").

29. With the Closing Date approaching and the parties having agreed to hold the Property in a Rhode Island limited liability company, on May 20, 2005, Michael Kelly, Esq., the attorney for Bourque, forwarded to Mesolella an Operating Agreement memorializing the terms of the agreement between Mesolella, Ahborg and Bourque regarding the Property/Project, a copy

of which, together with the transmittal letter from Bourque's attorney, is attached hereto and incorporated herein as Exhibit B (the "Operating Agreement").

30. Among other things, the Operating Agreement prepared by Bourque's lawyer provided that Mesolella would receive a 25% interest in the development of the Property.

31. A few weeks after the Operating Agreement was delivered to Mesolella, Richard MacAdams, Esq., another attorney hired by Bourque, informed Mesolella that Bourque had concerns (despite previous acquiescence) that the Operating Agreement named Mesolella as the manager of the limited liability company to be formed.

32. Mesolella informed Mr. MacAdams that if Bourque was concerned about who the manager was he could just revise the Operating Agreement and make Bourque the manager.

33. Some time thereafter, Mr. MacAdams on behalf of Bourque then asked Mesolella to put up 25% of the cost to purchase the Property in contravention of the original agreement reached between Mesolella, Ahborg and Bourque which agreement provided that Mesolella's contribution to the development of the Property would be his services in furtherance of the Property's development.

34. The request of Bourque's attorney for Mesolella to make a cash contribution in addition to the services agreed upon was in contravention of the Operating Agreement prepared by Bourque's original lawyer, Mr. Kelly.

35. Having been caught by surprise by the request to make a cash contribution and sensing that Bourque may be posturing to renege on his agreement with Mesolella and Ahborg, Mesolella asked for no more than 90 days to come up with the cash contribution.

36. At some point prior to the Closing Date the relationship between the Seller and Bourque took a turn for the worse with the Seller indicating that she may no longer sell the Property to Bourque.

37. Mesolella attended the scheduled closing with Bourque on the Closing Date at Bourque's attorney, Mike Kelly's office, but the Seller did not attend and the closing was not consummated on the Closing Date.

38. Bourque never mentioned to Mesolella on or before the Closing Date or during the attempted closing on the Closing Date and/or while Mesolella continued to act in furtherance of the Project that he wanted to develop the Property alone.

39. Bourque closed on and purchased the Property in his own name on or about July 14, 2005.

40. Bourque concealed from Mesolella the new July 14, 2005 date for closing on the purchase of the Property.

41. On information and belief, Bourque purchased the Property with only $100,000 in equity (cash) and the balance was paid by Seller financing $500,000 of the purchase price of the Property.

42. While there was early discussion of the Seller providing $500,000 in financing for the purchase of the Property, Bourque never advised Mesolella that the Seller had actually agreed to provide Buyer with $500,000 in Seller financing.

43. Given the fact that the relationship between the Seller and Bourque had deteriorated, Mesolella did not expect that the Seller would provide Bourque with Seller financing.

44. At the time Mr. MacAdams, on behalf of Bourque, asked Mesolella to put up 25% of the cost to purchase the Property, Mesolella was not informed that Bourque had arraigned Seller financing of $500,000; meaning that, without regard to customary closing adjustments, only $100,000 in cash was needed to close on the purchase of the Property from Seller.

45. The effect of this was to mislead Mesolella into thinking that he was being asked to put up $150,000 (the $600,000 purchase price times Mesolella's 25% interest) instead of $25,000 ($100,000 cash actually needed at closing times Mesolella's 25% interest).

46. Bourque intentionally concealed from Mesolella that he had obtained $500,000 in Seller financing.

47. On or about the end of July, 2005, plaintiff Mesolella was notified by Mr. MacAdams that the defendant Bourque had decided to develop the Property alone and would not honor his contractual obligations under the agreement and refused to convey the 25% interest in the Property/Project to Mesolella.

48. From September 2004 through and up to the time Mr. MacAdams notified Mesolella that Bourque wanted to develop the Property alone, Mesolella continued to act in furtherance of development of the Property/Project.

49. Plaintiff has good reason to believe that the defendant wants to sell or convey the Property to a third party.

50. Prior to and after the Closing, plaintiff was and remains ready, willing and able to perform his obligations pursuant to the agreement with Bourque.

51. Defendant has materially breached the agreement by taking title to the Property in his own name in contravention of the agreement with Mesolella and Ahborg.

52. Defendant has materially breached the agreement by taking title to the Property in his own name and not conveying it at the time of closing to a limited liability company in which Mesolella had a twenty-five (25%) percent interest.

## V. CAUSES OF ACTION

### Count I[1]

### (Declaratory Judgment)

53. The averments set forth in paragraphs 1 through 52 of the Complaint are herein incorporated by reference.

54. There exists a current dispute and controversy between plaintiff and defendant.

55. Pursuant to R.I. General Laws §9-30-1, et seq., and R.I. Sup. Ct. R. Civ. P. 57 ("Rule") plaintiff seeks a declaration by the Honorable Court in the form of a judgment declaring that the agreement is a valid, binding and enforceable contract and that plaintiff has the right to receive a twenty-five (25%) percent interest in the Property/Project and defendant has the duty to convey said interest to Mesolella under and pursuant to the agreement.

WHEREFORE, plaintiff Vincent J. Mesolella, asks the Court to enter a judgment declaring that:

1) the agreement is a valid, binding and enforceable contract;

[1] Pursuant to Rule 57, plaintiff respectfully requests that the Court advance this matter on the appropriate trial calendar.

2) plaintiff has the right to receive and defendant has the duty to convey to plaintiff a twenty-five (25%) interest in the Property/Project under and pursuant to the agreement; and

3) such other relief which the Court deems just and fair, including attorneys fees and costs and expenses.

COUNT II - SPECIFIC PERFORMANCE

56. Plaintiff Mesolella incorporates herein by reference paragraphs 1-52 of the Complaint.

57. Plaintiff entered into a valid, binding and enforceable agreement to develop the Property/Project and receive a 25% interest in the project.

58. At all relevant times, plaintiff was and remains ready, willing and able to provide his services in furtherance of the agreement with Bourque and the development of the Property.

59. Defendant has refused to convey an interest in the Property to plaintiff and perform his obligations and satisfy his duties and promises under and pursuant to the agreement.

60. Mesolella holds equitable title to an undivided twenty-five (25%) percent interest in the Property/Project.

61. The Property/Project in question is unique and, accordingly, Mesolella lacks an adequate remedy at law.

62. Mesolella will be irreparably harmed unless the Honorable Court orders the defendant Bourque to convey a twenty-five (25%) percent undivided interest in the Property/Project to him.

63. The equities favor ordering specific performance of the agreement.

64. Plaintiff will likely prevail on his claim.

65. Plaintiff is entitled to specific performance by the defendant of the agreement.

WHEREFORE, plaintiff respectfully requests that the Court grant him the following relief:

1. Judgment in his favor on Count II of the Complaint and against the defendant;

2. An order directing the defendant to perform his obligations to plaintiff under the agrement and convey the twenty-five (25%) interest in the Property/Project to plaintiff pursuant to the terms of the agreement; and

3. An award to plaintiff of such further relief as this Court may deem just and proper, plus costs and expenses and interest thereon.

COUNT III - BREACH OF CONTRACT

66. Plaintiff incorporates herein by reference paragraphs 1-52 of the Complaint.

67. The failure of defendant to perform the agreement constitutes a material breach of contract.

68. As a direct and proximate result of the defendant's breach, plaintiff has suffered damages.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment in his favor against the defendant on Count III of the Complaint and award him compensatory and incidental damages, plus interest thereon, the costs of this proceeding and such further relief as this Court deems appropriate.

COUNT IV – JOINT VENTURE

69. Plaintiff incorporates herein by reference paragraphs 1-52 of the Complaint.

70. Bourque, Mesolella and Ahborg agreed to develop the Property as a joint venture.

71. As a joint venturer of Bourque, Mesolella enjoyed a fiduciary relationship with Bourque.

72. Bourque breached the joint venture agreement and instead unilaterally decided to develop the Property by himself to the exclusion of the other joint venturers.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment in his favor against the defendant on Count IV of the Complaint, order the Property be held in a constructive trust to protect Mesolella's interest in the Property, enjoin Bourque from selling, conveying, assigning or otherwise disposing of the Property, in whole or in part, to any third party, and award Mesolella a twenty-five (25%) interest in the Property/Project that he was promised, plus compensatory, incidental and punitive damages, plus interest thereon, the costs of this proceeding and such further relief as this Court deems appropriate.

COUNT V – STATUTORY PARTNERSHIP

73. Plaintiff incorporates herein by reference paragraphs 1-52 of the Complaint.

74. Alternatively, the actions of the parties amount to a partnership pursuant to Title 7, Chapter 12 of the General Laws of the State of Rhode Island.

75. As a partner of Bourque, Mesolella enjoyed a fiduciary relationship with Bourque.

76. Bourque breached his fiduciary obligations to Mesolella by not conveying the Property as promised as aforesaid.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment in his favor against the defendant on Count V of the Complaint, order the Property be held in a constructive trust to protect Mesolella's interest in the Property, enjoin Bourque from selling, conveying, assigning or otherwise disposing of the Property, in whole or in part, to any third party, and award Mesolella a twenty-five (25%) interest in the Property/Project that he was promised, plus

compensatory, incidental damages and punitive damages, plus interest thereon, the costs of this proceeding and such further relief as this Court deems appropriate.

COUNT VI – PROMISSORY ESTOPPEL

77. Plaintiff incorporates herein by reference paragraphs 1-52 of the Complaint.

78. Bourque promised Mesolella that Mesolella would receive a twenty-five (25%) percent interest in the Property/Project in return for Mesolella's services in the development of the Property/Project.

79. Mesolella believed and justifiably relied and acted upon Bourque's promise to Mesolella and was thereby induced by Bourque to expend time, effort and money in furtherance of the Property/Project to his detriment, which Mesolella would not have otherwise done.

80. To date, Mesolella has not received the twenty-five (25%) percent interest he was promised nor any other form of remuneration for his efforts.

81. Injustice can only be avoided by the enforcement of Bourque's promise to Mesolella of a twenty-five (25%) percent interest in the Property/Project.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment in his favor against the defendant on Count VI of the Complaint, order the Property be held in a constructive trust to protect Mesolella's interest in the Property, enjoin Bourque from selling, conveying, assigning or otherwise disposing of the Property, in whole or in part, to any third party, and award Mesolella a twenty-five (25%) interest in the Property/Project that he was promised, plus compensatory, incidental damages and punitive damages, plus interest thereon, the costs of this proceeding and such further relief as this Court deems appropriate.

COUNT VII – FRAUD IN THE INDUCEMENT

82. Plaintiff incorporates herein by reference paragraphs 1-52 of the Complaint.

83. Bourque falsely, fraudulently, deceitfully and with intent to induce Mesolella to enter into the above mentioned agreement with Mesolella represented that Mesolella would receive a twenty-five (25%) percent interest in the Property/Project.

84. The representations were in fact untrue when made and were known by Bourque so to be or the representations. In truth and in fact, what took place is alleged in paragraphs 1-33 hereof.

85. Mesolella believed and relied upon the representations made by Bourque to Mesolella and was thereby induced by Bourque to expend time, effort and money in furtherance of the Project which Mesolella would not have done had he known that such representations by Bourque were false.

86. To date, Mesolella has not received the twenty-five (25%) percent interest he was promised nor any other form of remuneration for his efforts.

87. In doing all the things herein alleged, Bourque acted willfully, knowingly, and maliciously and was guilty of a wanton disregard of the rights of Mesolella and by reason thereof Mesolella demands exemplary or punitive damages against Bourque in addition to compensatory damages.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment in his favor against the defendant on Count VII of the Complaint, order the Property be held in a constructive trust to protect Mesolella's interest in the Property, enjoin Bourque from selling, conveying, assigning or otherwise disposing of the Property, in whole or in part, to any third party, and award Mesolella a twenty-five (25%) interest in the Property/Project that he was promised, plus

compensatory, incidental and punitive damages, plus interest thereon, the costs of this proceeding and such further relief as this Court deems appropriate.

COUNT VIII – UNJUST ENRICHMENT

88. Plaintiff incorporates herein by reference paragraphs 1-52 of the Complaint.

89. Mesolella's services in furtherance of the development of the Property/Project benefited Bourque.

90. Bourque accepted Mesolella's services in furtherance of the development of the Property/Project.

91. The defendant Bourque, though requested to honor the agreement as aforesaid, has breached said agreement as aforesaid, and failed and refused to convey to Mesolella the interest in the Property/Project due to be paid pursuant to their agreement, and defendant Bourque still refuses to convey said interest.

92. The defendant has been and presently is unjustly enriched by the value of the twenty-five (25%) interest that Bourque has improperly retained for himself instead of conveying it to Mesolella as previously agreed.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment in his favor against the defendant on Count VIII of the Complaint, order the Property be held in a constructive trust to protect Mesolella's interest in the Property, enjoin Bourque from selling, conveying, assigning or otherwise disposing of the Property, in whole or in part, to any third party, and award Mesolella a twenty-five (25%) interest in the Property/Project that he was promised, plus compensatory and incidental damages, plus interest thereon, the costs of this proceeding and such further relief as this Court deems appropriate.

COUNT IX - RECOVERY OF ATTORNEYS FEES

93. Plaintiff incorporates herein by reference paragraphs 1-52 of the Complaint.

94. Upon information and belief, there is no justiciable issue of either law or fact presented by defendant' material breach of the agreement.

95. Consequently, plaintiff is entitled to recover his attorneys fees for this proceeding, pursuant to R.I.G.L. § 9-1-45.

WHEREFORE, plaintiff requests that, in addition to the relief prayed for in the above Counts of his Complaint, the Honorable Court enter judgment on Count IX of the Complaint in his favor and against defendant and enter an order awarding plaintiff his reasonable attorneys fees in connection with this civil action.

Plaintiff,
VINCENT J. MESOLELLA,
By his attorney,

Anthony J. Bucci Jr., (#2599)
Boisseau & Dean LLP
155 South Main Street, Suite 405
Providence, Rhode Island 02903
Tel: 401-831-4200
Fax: 401-831-7056
Email: abucci@bdglawyers.com
Dated: July 13, 2006

C:\WP\Real Estate\FILES\Mesolella vs Bourque - COMPLAINT v2.doc