UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

VINCENT J. MESOLELLA
Plaintiff,

vs. C.A. No. 06 -311ML

RAYMOND BOURQUE
Defendant.

**PLAINTIFF, VINCENT J. MESOLELLA'S**
**STATEMENT OF CLAIM**

Plaintiff, Vincent J. Mesolella ("Mesolella") entered into a verbal agreement with the defendant, Raymond Bourque ("Bourque") in September 2004 to work together to develop property in Cumberland, Rhode Island to be known as "Great Wood Estates" in exchange for a twenty-five (25%) interest in the venture. A letter of understanding was prepared, although it was not executed by Bourque. However, the material aspects of the agreement were never in doubt, i.e., Mesolella would work with Bourque and others on the development of the property in return for a twenty-five (25%) interest. Mesolella began to and continued to lend his skills and expertise to the venture and Bourque accepted Mesolella's services. Mesolella worked with the project engineers, Bourque's previous legal counsel, governmental agencies, and neighboring property owners in furtherance of the venture. A road ("Vincent Way") was even named after Mesolella. In fact, Mesolella paid for the $2,300 preliminary stage application fee. During this entire time Mesolella never requested compensation as a consultant and Bourque never offered, it being understood by Mesolella and Bourque's that Mesolella was a partner in this venture. Bourque accepted Mesolella's services on this basis right up to the point in time right after Bourque was to close on the property when his current counsel informed Mesolella that his client was going to continue the rest of the development of the property on his own. Instead, what Bourque did was "flip" the property to a third property, keeping all the profit for himself.

Plaintiff submits the following statement of the elements that must be proven for his claims:

I. <u>DECLARATORY JUDGMENT</u>

Mesolella will likely not pursue a declaratory judgment in this matter.

II. <u>SPECIFIC PERFORMANCE</u>

Given that it is believed the property which is the subject matter of this litigation has been conveyed to a third party, plaintiff will not pursue specific performance in this matter.

III. <u>BREACH OF CONTRACT</u>

Mesolella must show, by a preponderance of the evidence, the following:

1. An offer
2. An Acceptance of the offer (which may be by conduct)
3. Consideration, that is, some form of value given in exchange for the promise
4. A mutual or reciprocal agreement
5. A mutual or reciprocal obligation
6. A party failed to perform it obligations under the contract

*Smith v Boyd*, 553 A.2d 131 (RI 1989)

IV. JOINT VENTURE

Mesolella must show, by a preponderance of the evidence, the following:

1. An undertaking by two or more persons
2. To carry out a single business enterprise
3. For profit

*McAleer v. Smith*, 728 F.Supp. 857 (D.R.I.,1990.)

V. STATUTORY PARTNERSHIP

Mesolella must show, by a preponderance of the evidence, the following:

1. An association of two or more persons
2. To carry on as co-owners a business
3. For profit

R.I.G.L. § 7-12-17.

VI. PROMISSORY ESTOPPEL

Mesolella must show, by a preponderance of the evidence, the following:

1. A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promise of a third person
2. which does induce such action or forbearance
3. injustice can be avoided only by enforcement of the promise.

*Alix v. Alix*, 497 A.2d 18 (R.I.,1985)

VII. FRAUD IN THE INDUCEMENT

Mesolella must show, by aclear and convincing evidence, the following:

1. A false representation was made about a material fact
2. The defendant knew his representation was false when made
3. The defendant intended to deceive the plaintiff by inducing plaintiff to rely on the false representation
4. The plaintiff did rely on the false representation
5. The plaintiff's reliance on the false representation was reasonable under the circumstances
6. The plaintiff suffered some loss or harm as a proximate result of the defendant's representations

*Fleet National Bank v. Anchor Media Television, Inc*., 831 F.Supp. 16 (D. RI 1993)

VIII. UNJUST ENRICHMENT

Mesolella must show, by a preponderance of the evidence, the following:

1. The plaintiff must confer a benefit upon the defendant
2. The defendant must appreciate the benefit
3. The acceptance or retention by the defendant of the benefit under the circumstances would be inequitable without the payment of compensation to the plaintiff for the value of the benefit received

*Davis v. New England Pest Control Co.*, 576 A.2d 1240 (RI 1990)

IX. ATTORNEY FEES

Mesolella must show, by a preponderance of the evidence, the following:

1. There was a complete absence of a justiciable issue of either law or fact raised by the losing party

*R.I.G.L.* § 9-1-45

IMPLIED CONTRACT

While plaintiff believes it can be reasonably be assumed from the facts alleged, plaintiff intends to seek leave to amend his complaint to add a count for implied contract. Mesolella must show, by a preponderance of the evidence, the following:

The same elements required to prove an express contract must be present, except that an implied contract arises where the intention of the parties is not affirmatively expressed, but there is an agreement implied or presumed from the conduct of the parties or where circumstances and/or course of dealings establish a mutual intent on behalf of the parties to enter into a contract.

*N.E.A. of RI v. Retirement Board*, 890 F.Supp 1143 (D. RI 1995)

DEFENDANT'S DEFENSE OF STATUTE OF FRAUDS

Defendant's defense of Statute of Frauds is not applicable to the claim of partnership, nor is the defense applicable to plaintiff's claims of a joint venture, promissory estoppel, fraud and unjust enrichment.

Plaintiff,
VINCENT J. MESOLELLA,
By his attorney,

/S/ Anthony J. Bucci, Jr.

Anthony J. Bucci, Jr., (#2599)
Boisseau & Dean LLP
155 South Main Street, Suite 405
Providence, Rhode Island 02903
Tel: 401-831-4200
Fax: 401-831-7056
Email: abucci@bdglawyers.com
Dated: September 20, 2006

**CERTIFICATION**

I hereby certify that on the 20th day of September, 2006 a true and accurate copy of the within document was sent by electronic means to Richard MacAdams and Dennis R. Gannon, Esq., 101 Dyer Street, Suite 400, Providence, RI 02903.

/S/ Anthony J. Bucci, Jr.

Anthony J. Bucci, Jr.