UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

VINCENT J. MESOLELLA
Plaintiff

vs. C.A. NO. 06-331 ML

RAYMOND BOURQUE

# ANSWER OF RAYMOND BOURQUE TO FIRST AMENDED COMPLAINT

## I. PARTIES

(1) Defendant admits the allegation contained in paragraph 1 of Plaintiff's Complaint.

(2) Defendant admits the allegation contained in paragraph 2 of Plaintiff's Complaint.

## II. VENUE

(3) Defendant denies the allegation contained in paragraph 3 of the First Amended Complaint (hereinafter "Complaint").

## III. JURISDICTION

(4) Defendant denies the allegation contained in paragraph 4 of the Complaint.

## IV. FACTS

(5) Defendant admits the allegation contained in paragraph 5 of Plaintiff's Complaint.

(6) Defendant denies the allegation contained in paragraph 6 of Plaintiff's Complaint.

(7) Defendant denies the allegation contained in paragraph 7 of Plaintiff's Complaint.

(8) Defendant admits receiving the Memorandum attached as Exhibit A. Defendant denies the remainder of the allegation contained in paragraph 8 of Plaintiff's Complaint.

(9) Defendant denies the allegation contained in paragraph 9 of Plaintiff's Complaint.

(10) Defendant denies the allegation contained in paragraph 10 of Plaintiff's Complaint.

(11) Defendant denies the allegation contained in paragraph 11 of Plaintiff's Complaint.

(12) Defendant admits that proposed roads are named as alleged in paragraph 12 of the Complaint.

(13) Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegation contained in paragraph 13 of Plaintiff's Complaint.

(14) Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegation contained in paragraph 14 of Plaintiff's Complaint.

(15) Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegation contained in paragraph 15 of Plaintiff's Complaint.

(16) Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegation contained in paragraph 16 of Plaintiff's Complaint.

(17) Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegation contained in paragraph 17 of Plaintiff's Complaint.

(18) Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegation contained in paragraph 18 of Plaintiff's Complaint.

(19) Defendant admits that an application was filed and is without knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of Plaintiff's Complaint.

(20) Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

(21) Defendant denies the allegation contained in paragraph 21 of Plaintiff's Complaint.

(22) Defendant denies the allegation contained in paragraph 22 of Plaintiff's Complaint.

(23) Defendant denies the allegation contained in paragraph 23 of Plaintiff's Complaint.

(24) Defendant denies the allegation contained in paragraph 24 of Plaintiff's Complaint.

(25) Defendant denies the allegation contained in paragraph 25 of Plaintiff's Complaint.

(26) Defendant denies the allegation contained in paragraph 26 of Plaintiff's Complaint.

(27) Defendant denies the allegation contained in paragraph 27 of Plaintiff's Complaint.

(28) Defendant admits the allegation contained in paragraph 28 of Plaintiff's Complaint.

(29) Defendant admits that the Operating Agreement referenced in paragraph 29 of Plaintiff's Complaint was circulated; however, no agreement was reached as alleged in paragraph 29.

(30) Defendant denies the allegations set forth in paragraph 30 of Plaintiff's Complaint in that no agreement had been reached.

(31) Defendant denies the allegation contained in paragraph 31 of Plaintiff's Complaint except that Defendant admits that his attorney communicated with Mesolella.

(32) Defendant denies the allegation contained in paragraph 32 of Plaintiff's Complaint except that Defendant admits that his attorney communicated with Mesolella.

(33) Defendant denies the allegation contained in paragraph 33 of Plaintiff's Complaint except that Defendant admits that his attorney communicated with Mesolella.

(34) Defendant denies the allegation contained in paragraph 34 of Plaintiff's Complaint in that no agreement had been reached.

(35) Defendant denies the allegation contained in paragraph 35 of Plaintiff's Complaint.

(36) Defendant denies the allegation contained in paragraph 36 of Plaintiff's Complaint.

(37) Defendant denies the allegation contained in paragraph 37 of Plaintiff's Complaint.

(38) Defendant denies the allegation contained in paragraph 38 of Plaintiff's Complaint.

(39) Defendant admits the allegation contained in paragraph 39 of Plaintiff's Complaint.

(40) Defendant denies the allegation contained in paragraph 40 of Plaintiff's Complaint.

(41) Defendant admits the allegation contained in paragraph 41 of Plaintiff's Complaint.

(42) Defendant denies the allegation contained in paragraph 42 of Plaintiff's Complaint.

(43) Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegation as to Mesolella's expectations contained in paragraph 43 of Plaintiff's Complaint.

(44) Defendant denies the allegation contained in paragraph 44 of Plaintiff's Complaint.

(45) Defendant denies the allegation contained in paragraph 45 of Plaintiff's Complaint.

(46) Defendant denies the allegation contained in paragraph 46 of Plaintiff's Complaint.

(47) Defendant admits that Bourque notified Mesolella that he intended to develop the Property. Defendant denies the remainder of the allegations contained in paragraph 47 of Plaintiff's Complaint.

(48) Defendant denies the allegation contained in paragraph 48 of Plaintiff's Complaint.

(49) Defendant admits that he sold the Property. Defendant denies the remainder of the allegations in paragraph 49 of Plaintiff's Complaint.

(50) Defendant denies the allegation contained in paragraph 50 of Plaintiff's Complaint that there was an agreement between Plaintiff and Bourque.

(51) Defendant denies the allegation contained in paragraph 51 of Plaintiff's Complaint.

(52) Defendant denies the allegation contained in paragraph 52 of Plaintiff's Complaint.

## V. CAUSES OF ACTION

## COUNT I BREACH OF CONTRACT

(53) Defendant incorporates his responses to paragraphs 1-52 as if fully set forth herein.

(54) Defendant denies the allegation contained in paragraph 54 of Plaintiff's Complaint.

(55) Defendant denies the allegation contained in paragraph 55 of Plaintiff's Complaint.

(56) Defendant denies the allegation contained in paragraph 56 of Plaintiff's Complaint.

(57) Defendant denies the allegation contained in paragraph 57 of Plaintiff's Complaint.

(58) Defendant denies the allegation contained in paragraph 58 of Plaintiff's Complaint.

(59) Defendant denies the allegation contained in paragraph 59 of Plaintiff's Complaint.

COUNT II BREACH OF IMPLIED CONTRACT

(60) Defendant incorporates his responses to paragraphs 1-52 as if fully set forth herein.

(61) Defendant denies the allegation contained in paragraph 61 of Plaintiff's Complaint.

(62) Defendant denies the allegation contained in paragraph 62 of Plaintiff's Complaint.

(63) Defendant denies the allegation contained in paragraph 63 of Plaintiff's Complaint.

(64) Defendant denies the allegation contained in paragraph 64 of Plaintiff's Complaint.

(65) Defendant denies the allegation contained in paragraph 65 of Plaintiff's Complaint.

COUNT III JOINT VENTURE

(66) Defendant incorporates his responses to paragraphs 1-52 as if fully set forth herein.

(67) Defendant denies the allegation contained in paragraph 67 of Plaintiff's Complaint.

(68) Defendant denies the allegation contained in paragraph 68 of Plaintiff's Complaint.

(69) Defendant denies the allegation contained in paragraph 69 of Plaintiff's Complaint.

(70) Defendant denies the allegation contained in paragraph 70 of Plaintiff's Complaint.

(71) Defendant denies the allegation contained in paragraph 71 of Plaintiff's Complaint.

(72) Defendant denies the allegation contained in paragraph 72 of Plaintiff's Complaint.

(73) Defendant denies the allegation contained in paragraph 73 of Plaintiff's Complaint.

COUNT IV STATUTORY PARTNERSHIP

(74) Defendant incorporates his responses to paragraphs 1-52 as if fully set forth herein.

(75) Paragraph 75 states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is required, Defendant denies the allegation

(76) Defendant denies the allegation contained in paragraph 76 of Plaintiff's Complaint.

(77) Defendant denies the allegation contained in paragraph 77 of Plaintiff's Complaint.

(78) Defendant denies the allegation contained in paragraph 78 of Plaintiff's Complaint.

(79) Defendant denies the allegation contained in paragraph 79 of Plaintiff's Complaint.

(80) Defendant denies the allegation contained in paragraph 80 of Plaintiff's Complaint.

(81) Defendant denies the allegation contained in paragraph 81 of Plaintiff's Complaint.

COUNT V PROMISSORY ESTOPPEL

(82) Defendant incorporates his responses to paragraphs 1-52 as if fully set forth herein.

(83) Defendant denies the allegation contained in paragraph 83 of Plaintiff's Complaint.

(84) Defendant denies the allegation contained in paragraph 84 of Plaintiff's Complaint.

(85) Defendant denies the allegation contained in paragraph 85 of Plaintiff's Complaint, and further avers that Mesolella was neither promised nor entitled to receive any interest or remuneration.

(86) Defendant denies the allegation contained in paragraph 86 of Plaintiff's Complaint.

COUNT VI FRAUD IN THE INDUCEMENT

(87) Defendant incorporates his responses to paragraphs 1-52 as if fully set forth herein.

(88) Defendant denies the allegation contained in paragraph 88 of Plaintiff's Complaint.

(89) Defendant denies the allegation contained in paragraph 89 of Plaintiff's Complaint.

(90) Defendant denies the allegation contained in paragraph 90 of Plaintiff's Complaint.

(91) Defendant denies the allegation contained in paragraph 91 of Plaintiff's Complaint, and further avers that Mesolella was neither promised nor entitled to receive any interest or remuneration.

(92) Defendant denies the allegation contained in paragraph 92 of Plaintiff's Complaint.

COUNT VII UNJUST ENRICHMENT

(93) Defendant incorporates his responses to paragraphs 1-52 as if fully set forth herein.

(94) Defendant denies the allegation contained in paragraph 94 of Plaintiff's Complaint.

(95) Defendant denies the allegation contained in paragraph 95 of Plaintiff's Complaint.

(96) Defendant denies the allegation contained in paragraph 96 of Plaintiff's Complaint.

(97) Defendant denies the allegation contained in paragraph 97 of Plaintiff's Complaint.

COUNT VII RECOVERY OF ATTORNEY'S FEES

(98) Defendant incorporates his responses to paragraphs 1-52 as if fully set forth herein.

(99) Paragraph 99 states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is required, Defendant denies the allegation.

(100) Defendant denies the allegation contained in paragraph 100 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred by the doctrine of unclean hands.

2. Plaintiff's claims are barred by the doctrine of waiver.

3. Plaintiff's claims are barred by the doctrine of release.

4. Plaintiff's claims are barred by the doctrine of inadequacy of consideration.

5. Plaintiff's claims are barred by the doctrine of laches.

6. Plaintiff's claims are barred by the doctrine of estoppel.

7. Plaintiff's Complaint fails to state claims against Defendant upon which relief can be granted.

8. Plaintiff's claims, if any, are barred by the Statute of Frauds, R.I.G.L. §9-1-4.

WHEREFORE, Defendant demands judgment against Plaintiff dismissing the Complaint with prejudice, awarding him his costs and such other and further relief as shall be deemed meet and just.

RAYMOND L. BOURQUE

By his Attorneys,

/S/ Richard W. MacAdams

Richard W. MacAdams, #1681
rmacadams@mandwlaw.com
Dennis R. Gannon, #2280
dgannon@mandwlaw.com
MacADAMS & WIECK INCORPORATED
101 Dyer Street, Suite 400
Providence, RI 02903
(401) 454-8700
(401) 454-8755 (Fax)
Dated: October 26, 2006

**DEMAND FOR JURY TRIAL**

Defendant hereby demands trial by jury on all issues so triable.

**CERTIFICATION**

I hereby certify that on the 24th day of October, 2006 a true and accurate copy of the within was sent by electronic means to Anthony J. Bucci, Jr., Esq., 155 South Main Street, Providence, RI 02903

/S/ Richard W. MacAdams

Richard W. MacAdams